**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO RICO ANGELES, | No.   16-70039 |
| Petitioner, | Agency No. A031-249-743 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Antonio Rico Angeles, a native and citizen of the Philippines, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's order of removal. We have jurisdiction under 8

U.S.C. § 1252. We review de novo legal claims regarding United States

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

citizenship. *Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir. 2001). We deny the petition for review.

The agency did not err in determining that Rico Angeles did not establish eligibility for United States citizenship, where he was born in 1959 in the Philippines to two citizens of the Philippines, his father never obtained United States citizenship, and his mother obtained United States citizenship in 1980 when he was no longer under the age of eighteen. *See* 8 U.S.C. §§ 1401 (1959), 1432 (1980); *Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005) (derivative citizenship is determined under the law in effect at time the critical events giving rise to eligibility occurred); *Hughes*, 255 F.3d at 760 (8 U.S.C. § 1431 granted automatic citizenship only to those children who were under the age of 18, and who met the other criteria, on February 27, 2001).

**PETITION FOR REVIEW DENIED.**